CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Prathima Price, Esq., SBN 321378
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orlando Garcia**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |
| **Lucky Enterprises, Inc**., a California Corporation | |
| Defendants. | |

Plaintiff Orlando Garcia complains of Lucky Enterprises, Inc., a California Corporatio; and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. Plaintiff suffers from Cerebral Palsy. He has manual dexterity issues. He cannot walk. He uses a wheelchair for mobility.

2. Defendant Lucky Enterprises, Inc. owned the real property located at or about 501 W MacArthur Blvd, Oakland, California, in May 2021.

3. Defendant Lucky Enterprises, Inc. owns the real property located at or about 501 W MacArthur Blvd, Oakland, California, currently.

Complaint

1    4.  Defendant Lucky Enterprises, Inc. owned Lucky Florist located at or

2    about 501 W MacArthur Blvd, Oakland, California, in May 2021.

3    5.  Defendant Lucky Enterprises, Inc. owns Lucky Florist located at or

4    about 501 W MacArthur Blvd, Oakland, California, currently.

5    6.  Plaintiff does not know the true names of Defendants, their business

6    capacities, their ownership connection to the property and business, or their

7    relative responsibilities in causing the access violations herein complained of,

8    and alleges a joint venture and common enterprise by all such Defendants.

9    Plaintiff is informed and believes that each of the Defendants herein is

10   responsible in some capacity for the events herein alleged, or is a necessary

11   party for obtaining appropriate relief. Plaintiff will seek leave to amend when

12   the true names, capacities, connections, and responsibilities of the Defendants

13   are ascertained.

14

15   **JURISDICTION & VENUE:**

16   7.  The Court has subject matter jurisdiction over the action pursuant to 28

17   U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

18   Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

19   8.  Pursuant to supplemental jurisdiction, an attendant and related cause

20   of action, arising from the same nucleus of operative facts and arising out of

21   the same transactions, is also brought under California's Unruh Civil Rights

22   Act, which act expressly incorporates the Americans with Disabilities Act.

23   9.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

24   founded on the fact that the real property which is the subject of this action is

25   located in this district and that Plaintiff's cause of action arose in this district.

26

27   **FACTUAL ALLEGATIONS:**

28   10. Plaintiff went to Lucky Florist in May 2021 with the intention to avail

Complaint

1 himself of its goods or services motivated in part to determine if the
2 defendants comply with the disability access laws. Not only did Plaintiff
3 personally encounter the unlawful barriers in May 2021, but he wanted to
4 return and patronize the business again but was specifically deterred due to his
5 actual personal knowledge of the barriers gleaned from his encounter with
6 them.

7     11. Lucky Florist is a facility open to the public, a place of public
8 accommodation, and a business establishment.

9     12. Unfortunately, on the date of the plaintiff's visit, the defendants failed
10 to provide wheelchair accessible paths of travel in conformance with the ADA
11 Standards as it relates to wheelchair users like the plaintiff.

12     13. Lucky Florist provides paths of travel to its customers but fails to provide
13 any wheelchair accessible paths of travel.

14     14. A couple of problems that plaintiff encountered was that the ramp that
15 runs up to the main and side entrances did not have level landings. This is a
16 problem for plaintiff because the door hardware on the doors is not accessible
17 for plaintiff.

18     15. Plaintiff believes that there are other features of the paths of travel that
19 likely fail to comply with the ADA Standards and seeks to have fully compliant
20 paths of travel available for wheelchair users.

21     16. On information and belief, the defendants currently fail to provide
22 wheelchair accessible paths of travel.

23     17. What is more, on the date of the plaintiff's visit, the defendants failed to
24 provide wheelchair accessible door hardware in conformance with the ADA
25 Standards as it relates to persons like the plaintiff.

26     18. Lucky Florist provides door hardware to its customers but fails to
27 provide accessible door hardware.

28     19. A problem that plaintiff encountered was that the entrance door

Complaint

1  handles have pull bar style handles that requires tight grasping to operate.

2  20. Plaintiff believes that there are other features of the door hardware that

3  likely fail to comply with the ADA Standards and seeks to have fully compliant

4  door hardware available.

5  21. On information and belief, the defendants currently fail to provide

6  accessible door hardware.

7  22. These barriers relate to and impact the plaintiff's disability. Plaintiff

8  personally encountered these barriers.

9  23. As a wheelchair user, the plaintiff benefits from and is entitled to use

10  wheelchair accessible facilities. By failing to provide accessible facilities, the

11  defendants denied the plaintiff full and equal access.

12  24. The failure to provide accessible facilities created difficulty and

13  discomfort for the Plaintiff.

14  25. The defendants have failed to maintain in working and useable

15  conditions those features required to provide ready access to persons with

16  disabilities.

17  26. The barriers identified above are easily removed without much

18  difficulty or expense. They are the types of barriers identified by the

19  Department of Justice as presumably readily achievable to remove and, in fact,

20  these barriers are readily achievable to remove. Moreover, there are numerous

21  alternative accommodations that could be made to provide a greater level of

22  access if complete removal were not achievable.

23  27. Plaintiff will return to Lucky Florist to avail himself of its goods or

24  services and to determine compliance with the disability access laws once it is

25  represented to him that Lucky Florist and its facilities are accessible. Plaintiff

26  is currently deterred from doing so because of his knowledge of the existing

27  barriers and his uncertainty about the existence of yet other barriers on the

28  site. If the barriers are not removed, the plaintiff will face unlawful and

Complaint

1   discriminatory barriers again.

2       28. Given the obvious and blatant nature of the barriers and violations

3   alleged herein, the plaintiff alleges, on information and belief, that there are

4   other violations and barriers on the site that relate to his disability. Plaintiff will

5   amend the complaint, to provide proper notice regarding the scope of this

6   lawsuit, once he conducts a site inspection. However, please be on notice that

7   the plaintiff seeks to have all barriers related to his disability remedied. See

8   *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

9   encounters one barrier at a site, he can sue to have all barriers that relate to his

10  disability removed regardless of whether he personally encountered them).

11

12  **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

13  **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

14  Defendants.) (42 U.S.C. section 12101, et seq.)

15      29. Plaintiff re-pleads and incorporates by reference, as if fully set forth

16  again herein, the allegations contained in all prior paragraphs of this

17  complaint.

18      30. Under the ADA, it is an act of discrimination to fail to ensure that the

19  privileges, advantages, accommodations, facilities, goods and services of any

20  place of public accommodation is offered on a full and equal basis by anyone

21  who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

22  § 12182(a). Discrimination is defined, inter alia, as follows:

23              a.  A failure to make reasonable modifications in policies, practices,

24                  or procedures, when such modifications are necessary to afford

25                  goods, services, facilities, privileges, advantages, or

26                  accommodations to individuals with disabilities, unless the

27                  accommodation would work a fundamental alteration of those

28                  services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

Complaint

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

31. When a business provides paths of travel, it must provide accessible paths of travel.

32. Here, accessible paths of travel have not been provided in conformance with the ADA Standards.

33. When a business provides door hardware, it must provide accessible door hardware.

34. Here, accessible door hardware has not been provided in conformance with the ADA Standards.

35. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

36. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

37. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

38. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

39. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

40. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

41. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

1    2. For equitable nominal damages for violation of the ADA. See

2  Uzuegbunam v. Preczewski, --- U.S. ---, 2021 WL 850106 (U.S. Mar. 8, 2021)

3  and any other equitable relief the Court sees fit to grant.

4    3. Damages under the Unruh Civil Rights Act, which provides for actual

5  damages and a statutory minimum of $4,000 for each offense.

6    4. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

7  to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

8

9  Dated: June 24, 2021          CENTER FOR DISABILITY ACCESS

10

11

12  By: _____

13                              Amanda Seabock, Esq.
                                Attorney for plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint